# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50448

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2024

Lyle W. Cayce
Clerk

Kathryn Walker,

*Plaintiff—Appellant*,

*versus*

Christine E. Wormuth, *Secretary of the Army*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:23-CV-564

———————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

This appeal concerns a *pro se* litigant's Administrative Procedure Act ("APA") claims. Her claims are time-barred. We therefore affirm the district court's judgment dismissing the complaint.

I.

Plaintiff-appellant Kathryn Walker sued Christine E. Wormuth, the Secretary of the Army, under the APA, 5 U.S.C. § 702 *et seq.*, seeking review

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of a 2017 decision by the Army Board for Correction of Military Records ("ABCMR"). Walker is a former United States Army Reserve Major who served from 1989 until 2006, when she was separated from the Army with an other than honorable discharge. In 2003, prior to her discharge, Walker began experiencing pain in her hand and knee.

The dispute at issue centers around two requests that Walker filed with the ABCMR. The first was filed in August 2012. She sought: incapacitation pay, simultaneous processing for administration separation and physical disability evaluation, removal of all documents from her record related to her involuntary separation from the Army, and the evaluation of her medical condition. The ABCMR denied Walker's application on November 27, 2012.

Walker's second request was filed in October 2015, seeking similar, if not identical, relief. Walker's application to the ABCMR summarized her request as seeking "[c]orrection of an alleged error or injustice that occurred [in] November 2012 in the ABCMR's Record of Proceedings." After noting that "[t]he applicant requests reconsideration of her earlier requests," the ABCMR denied Walker's request on August 3, 2017 because she did not present "any new evidence."

Years later, Walker filed this suit against Wormuth on August 3, 2023, under the APA— the sole statutory basis for her cause of action. She again contends that the Army insufficiently considered her hand and knee injury and failed to properly compensate her. She thus challenges the ABCMR's 2017 decision denying her claims as arbitrary, capricious, and not supported by substantial evidence. Wormuth moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that the statute of limitations on her claims had expired.

The district court, adopting the magistrate judge's recommendation in full, granted Wormuth's motion and dismissed Walker's complaint.

No. 24-50448

## II.

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) de novo. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

The APA's statute of limitations expires six years after "some direct, final agency action involving the particular plaintiff." *Dunn-McCampbell Royalty Int. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997); *see also* 28 U.S.C. § 2401(a). A final agency action (1) "must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature," and (2) "must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citation omitted). "Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section *whether or not there has been presented or determined an application . . . for any form of reconsideration*." 5 U.S.C. § 704 (emphasis added).

## III.

Walker argues that the 2012 decision, denying all relief that she sought and now seeks, was a not final agency action, and, consequently, the 2012 decision does not bar this proceeding.[1] The district court dismissed Walker's complaint on the following grounds.

---

[1] In the alternative, Walker argues on appeal that 28 U.S.C. § 1331 independently establishes federal question jurisdiction in this case. The statute provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 does "not create an independent private right of action." *Mahogany v. La. State Sup. Ct.*, 262 F. App'x. 636, 637, n.2 (5th Cir. 2008). Instead, when seeking review of an agency action, the APA is a vehicle for federal question jurisdiction. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 n.13 (5th Cir. 1998).

No. 24-50448

First, the district court determined that the ABCMR's 2012 decision was a final agency action. Walker therefore had six years to challenge the ABCMR decision in federal court under the APA.

Second, the district court held that the ABCMR's 2017 decision denying reconsideration did not reset the statute of limitations.

Third, the district court concluded that, because Walker did not sue until 2023, the six-year statute of limitations, which had begun to run in 2012, had expired. The court therefore had no subject matter jurisdiction.

Finding no error in this reasoning, we affirm the district court's dismissal of Walker's complaint.

IV.

In sum, we cannot now review the ABCMR's 2017 decision because its 2012 decision was the final agency action. Thus, the six-year statute of limitations to bring this APA action in federal court expired in 2018—long before Walker sued Wormuth in 2023. Accordingly, the judgment of the district court dismissing the complaint for lack of jurisdiction is, in all respects,

AFFIRMED.